UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF TENNESSEE NASHVILLE DIVISION

| | | |
|---|---|---|
| VICTOR ASHE, et al., | ) | |
| Plaintiffs, | ) | |
| | ) | |
| v. | ) | Case No. 3:23-cv-01256 |
| | ) | Judge Richardson |
| TRE HARGETT, et al., | ) | Magistrate Judge Newbern |
| Defendants. | ) | |

### REPLY IN SUPPORT OF DEFENDANTS' MOTION TO DISMISS

Defendants moved to dismiss Plaintiffs' Complaint on standing, sovereign immunity, and timeliness (statute of limitations and doctrine of laches) grounds. Plaintiffs' response does not rebut Defendants' grounds. Defendants reply to a few of Plaintiffs' specific points as follows.

I. **Plaintiffs Lack Standing.**

   A. **Plaintiffs suffer no injury that may be redressed by enjoining the signage requirement in Tenn. Code Ann. § 2-7-115(c).**

Defendants have explained why all Plaintiffs lack standing to challenge the constitutionality of Tenn Code Ann. § 2-7-115(b) and (c). (Defs.' Mem., ECF No. 32, PageID## 161-66.) Plaintiffs insist that they have standing to challenge the polling-place signage requirement in Tenn. Code Ann. § 2-7-115(c) because it "deters voting behavior and expressive conduct that accompanies voting." (Pls.' Resp., ECF No. 34, PageID# 204.) But the sign called for by § 2-7-115(c) simply provides information to the public about § 2-7-115(b)—a law that has been in effect for more than 50 years. *See* Defs.' Mem., ECF No. 32, PageID# 164 n.1; *see also id.* at PageID# 166 ("Section 2-7-115(c)'s required signage . . . merely reflects a 50-year-old law.")[1] And since Plaintiffs suffer no injury from § 2-7-115(b)—because they have no reasonable

---

[1] Plaintiffs are incorrect in asserting that Defendants have somehow limited their argument with respect to Plaintiffs' standing (Pls.' Resp., ECF No. 34, PageID# 204), but in any event it is Plaintiffs' burden to establish their standing to sue. *See Schickel v. Dilger*, 925 F.3d 858, 866 (6th

fear of prosecution under the statute—they suffer no injury from a sign informing them of § 2-7-115(b). (Defs.' Mem., ECF No. 32, PageID## 161-64.) Enjoining the placement of the sign under §2-7-115(c) would therefore not provide Plaintiffs with any relief.

**B. Plaintiffs lack standing to challenge § 2-7-115(b).**

Plaintiffs Ashe and Lawson have not shown that an injunction as to Defendants would redress their speculative fear of prosecution. As Defendants have explained, they have no authority to prosecute; Defendants Goins and Skrmetti have authority only to investigate and to ask prosecutors if they would prosecute. Defendant Hargett does not have even that authority. (Defs.' Mem., ECF No. 32, PageID## 162-64.) Plaintiffs say that standing is not a particularly high bar (Pls.' Resp., ECF No. 34, PageID# 207), but they do acknowledge that the standard for redressability is "whether it is likely, as opposed to merely speculative, that the injury will be redressed by a favorable decision," *Parsons v. Dep't of Justice*, 801 F.3d 701, 715 (6th Cir. 2015). And in *Parsons*, the plaintiffs all alleged specific injuries to themselves. *Id.* at 707-08. Here, however, Plaintiffs' alleged fear of prosecution is wholly speculative, given Defendants' lack of prosecutorial authority. It is therefore *not* likely that enjoining Defendants would provide redress.

Plaintiff League of Women Voters says that it has its own standing in part because it has adequately alleged a diversion of resources. (Pls.' Resp., ECF No. 34, PageID# 209.) Defendants maintain that the League's alleged "need to budget approximately $3,000" is insufficient to confer standing. (Defs.' Mem., ECF No. 32, PageID## 165-66.) The League asserts that "a court in this district rejected the exact same argument," citing *Tenn. Conf. of the NAACP v. Hargett*, 441 F.Supp.3d 609 (M.D. Tenn. 2019). But that case is inapposite. Nothing in that case suggests that

---

Cir. 2019) ("Plaintiffs bear the burden of establishing standing")(internal quotation marks and citations omitted).

those defendants raised the same arguments that Defendants here do – that they only have authority to seek or conduct investigations, not to prosecute (except of course for Tre Hargett; he does not have even that authority). Further, the statute at issue in the *NAACP* case allowed the State Election Commission to levy fines. That is not the case here. And the only issue raised was injury-in-fact, not redressability. *Online Merchants Guild v. Cameron*, 995 F.3d 540 (6th Cir. 2021) is also irrelevant because in that case the State Attorney General had authority to, and in fact did, issue subpoenas and civil investigative demands. The State Attorney General also had authority to petition for a restraining order. No such authority exists here.

Furthermore, because § 2-7-115(b) has been in effect for many years, and Plaintiffs' fear of prosecution is speculative, the League's alleged "need" to budget money to educate the public ahead of the 2024 primary election (Complaint, ECF No. 1, PageID# 6) is itself speculative. The Sixth Circuit has "rejected assertions of direct organizational standing where an overly speculative fear triggered the shift in organizational resources." *Online Merchants Guild,* 995 F.3d at 548; *see Memphis A. Philip Randolph Institute v. Hargett*, 978 F.3d. 378, 389 (6th Cir. 2020) ("An organization can no more spend its way into standing based on speculative fears of future harm than an individual can."). By contrast, in the cases the League cites, (Pls. Resp., ECF No. 34, PageID## 209-10), the plaintiff organizations had already been subjected to alleged harm. *See Havens Realty Corp. v. Coleman*, 455 U.S. 363, 373-376 (1982) (actual proof of unlawful activity and the organization had spent money assisting people who had been subjected to racial discrimination); *Online Merchant's Guild*, 995 F.3d at 546 (attorney general had sent subpoenas and a civil investigative demand to organization members). The League also says that it has associational standing—standing to sue on behalf of its members—because its members would otherwise have standing. (Pls. Resp., ECF No. 34, PageID## 210-11.) But the League's members

have no more reasonable fear of prosecution under § 2-7-115(b) than do Plaintiffs Ashe and Lawson. Furthermore, without a representative individual plaintiff or plaintiffs, the League lacks standing anyway. (Defs' Mem., ECF No. 32, PageID# 166.) *Tenn Protection & Advocacy, Inc. v. Bd. Of Educ. Of Putnam County, Tennessee*, 24 F. Supp. 2d 808, 816 (M.D. Tenn. 1998) ("[W]here there is no specifically injured plaintiff on whose behalf the [plaintiff] group files a claim, then the organization must allege direct injury-in-fact to itself …").

The League asserts that this latter "argument . . . plainly contradicts the Supreme Court's representational standing precedent," citing *Hunt v. Washington State Apple Advert. Comm.*, 432 U.S. 333 (1977). (Pls. Response, ECF No. 34, PageID# 211.) That argument fails. The Supreme Court, in *Summers v. Earth Island Institute*, 555 U.S. 488, 497-98 (2009), held, in response to a claim that one of their members might be harmed, "This novel approach to the law of organizational standing would make a mockery of our prior cases, which have required plaintiff-organizations to make specific allegations establishing that at least one identified member had suffered or would suffer harm." *See also*, *See Waskul v. Washtenaw County Community Mental Health,* 900 F.3d 250, 254-55 (6th Cir. 2018). And, in quoting *Hunt*, Plaintiffs merely restate the third element for establishing associational standing: that "neither the claim asserted nor the relief requested requires the participation of individual members in the lawsuit." *Hunt*, 432 U.S. at 343. A plaintiff organization must still allege "that its members, or any one of them, are suffering immediate or threatened injury as a result of the challenged action of the sort that would make out a justiciable case had the members themselves brought suit." *Id.* at 342 (quoting *Warth v. Seldin*, 422 U.S. 490, 511 (1975)). Plaintiffs rely only on the allegation that some number of its unnamed members "may be subject to prosecution" and are "likely" to be prevented from voting. (Pls. Resp., ECF No. 34, PageID# 211.) But such an allegation is insufficient.

4

### C. Defendants Have Sovereign Immunity.

Sovereign immunity is its own defense, and Defendants have explained why sovereign immunity bars Plaintiffs' complaint and that the *Ex Parte Young* exception to sovereign immunity does not apply when, as here, "a defendant state official has neither enforced nor threatened to enforce the allegedly unconstitutional statute." (Defs.' Mem. ECF No. 32, PageID## 167-68.) Plaintiffs counter that *Ex Parte Young* applies because their allegations establish "a realistic possibility Defendants will take action against Plaintiffs." (Pls.' Response, ECF 34, PageID# 213.) But saying that does not make it so. *The Ex Parte Young* exception exists solely to allow a plaintiff to "seek prospective relief to end a continuing violation of federal law." *Russsell v. Lunder-Grimes*, 784 F.3d 1037, 1047 (6th Cir. 2015). Plaintiffs' allegations simply fail to show that Defendants possess the ability to prosecute the criminal law or that Defendants have threatened or are "about to commence proceedings" against Plaintiffs.[2] *See*, *Children's Healthcare is a Legal Duty, Inc. v. Deters*, 92 F.3d 1412, 1416 (6th Cir. 1996).

### D. Plaintiffs' Claims Are Barred by Laches.

Plaintiffs' claims that § 2-7-115(c) was passed with the intent to confuse voters is unavailing – there are no factual allegations, merely conclusory and speculative statements that this Court is not bound to accept as true. *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009). Further, all Plaintiffs have known about Tenn. Code Ann. § 2-7-115(b) for many years and have never complained about it. And Plaintiffs do not dispute that the State has a valid and significant interest in maintaining the integrity of the electoral process and in preventing cross-over voting.

---

[2] Secretary Hargett in no way threatened anyone with prosecution. And there are no allegations that Defendants have promulgated regulations or have a database. (*See* Pls' Resp., ECF 34, PageID# 212.)

## CONCLUSION

For the reasons stated here and in Defendants' opening memorandum, Defendants' Motion to Dismiss should be granted.

Respectfully submitted,

JONATHAN SKRMETTI
Attorney General and Reporter

/s/ *Dawn Jordan*
DAWN JORDAN
Special Counsel

ZACHARY L. BARKER
Assistant Attorney General

Public Interest Division
Office of Tennessee Attorney General
P.O. Box 20207
Nashville, TN 37202
(615) 741-6440
Dawn.Jordan@ag.tn.gov
Zachary.Barker@ag.tn.gov

# CERTIFICATE OF SERVICE

      I hereby certify that a true and exact copy of the foregoing document has been filed electronically on January 24, 2024. Parties may access this filing through the Court's electronic filing system.

R. Culver Schmid, BPR No. 011128  
Baker, Donelson, Bearman, Caldwell & Berkowitz, PC  
265 Brookview Centre Way, Suite 600  
Knoxville, TN 37919

Gary Shockley, BPR No. 010104  
Baker, Donelson, Bearman, Caldwell & Berkowitz, PC  
1600 West End Avenue, Suite 2000  
Nashville, TN 37203

Eric G. Osborne, BPR No. 029719  
Christopher C. Sabis, BPR No. 030032  
William L. Harbison, BPR No. 007012  
Frances W. Perkins, BPR No. 040534  
Sherrard Roe Voigt & Harbison, PLC  
150 3rd Avenue South, Suite 1100  
Nashville, TN 37201  
*Counsel for Plaintiffs Victor Ashe and Phil Lawson*

John E. Haubenreich, BPR No. 029202  
The Protect Democracy Project  
2020 Pennsylvania Avenue NW, #163  
Washington, DC 20006

Orion Danjuma  
The Protect Democracy Project  
82 Nassau St. #601  
New York, NY 10038

Jillian Sheridan Stonecipher  
Rebecca B. Shafer  
Sidley Austin LLP  
One South Dearborn  
Chicago, IL 60603  
*Counsel for Plaintiff League of Women Voters of Tennessee*

Collin P. Wedel  
Sidley Austin LLP (LA Office)  
555 West 5th Street Suite 400  
Los Angeles, CA 90013

                                                  /s/ *Dawn Jordan*  
                                                  DAWN JORDAN  
                                                  Special Counsel